UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMARCUS ANTWONE CROWLEY,

    Plaintiff,

    v.

SHERIFF, et al.,

    Defendants.

CAUSE NO. 1:23-CV-136-HAB-SLC

## OPINION AND ORDER

Jamarcus Antwone Crowley, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crowley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Crowley moves for leave to proceed in forma pauperis. (ECF 5.) However, this motion is unnecessary because he was already granted leave to proceed in forma pauperis in this case. (ECF 4.) The motion will be denied.

Turning to the complaint, Mr. Crowley alleges that he is being held at the Allen County Jail pending trial. He claims that on or about March 23, 2023, jail staff mishandled his "legal mail." Specifically, he claims a piece of his mail was mistakenly given to another inmate. It can be discerned from an attachment that the other inmate realized the mistake and returned the mail, but Mr. Crowley is concerned that the inmate may have seen his social security number or home address. Based on this incident, he sues "Allen County Jail Staff," "Allen County Jail Legal Mail Staff," and "Allen County Sheriff Staff," seeking monetary damages and a written apology.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Id.*

Mr. Crowley does not allege that jail staff opened mail to or from his attorney clearly designated as such outside his presence. In fact, he does not provide any details about the mail that was given to the wrong inmate. Based on what he has alleged, the court cannot plausibly infer that the mail in question constituted "legal mail." Additionally, he describes one isolated incident wherein his mail was inadvertently misdelivered. This type of isolated, minor disruption to his mail does not allege a First Amendment violation. *Rowe*, 196 F.3d at 782. Nor can the negligent mishandling of his

mail by jail staff support a Fourteenth Amendment due process claim. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) ("[N]egligent conduct does not offend the Due Process Clause."). If he is claiming jail staff violated internal policies in connection with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

As an additional matter, he has not named a viable defendant. The defendants he lists---"Allen County Jail Staff," "Allen County Jail Legal Mail Staff," and "Allen County Sheriff Staff,"---are groups of people working at the jail, not a "person" or suable entity that can be held liable for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 5);

(2) GRANTS the plaintiff until **August 21, 2023**, to file an amended complaint if he chooses; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 19, 2023.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT