UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMARCUS ANTWONE CROWLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-136-HAB-SLC |
| SHERIFF, et al., | |
| Defendants. | |

OPINION AND ORDER

Before the court is an amended complaint filed by Jamarcus Antwone Crowley, a prisoner without a lawyer. (ECF 15.) The court screened Mr. Crowley's original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. He was afforded an opportunity to file an amended complaint before the case was dismissed. After being granted two extensions of time, he filed the present pleading well after the deadline set by the court. (ECF 13.) Nevertheless, in deference to his pro se status, the court will consider the amended complaint on the merits.[1] He also filed another motion for leave to proceed in forma pauperis (ECF 16), but he was already granted leave to proceed in forma pauperis in this case. (ECF 4.) This motion will be denied as unnecessary.

---

[1] The court notes that in October 2023 he sent the court a letter stating that an attorney would be representing him in this case. (ECF 14.) Six weeks have passed since he sent the letter, and no attorney has filed an appearance in the case.

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Crowley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Crowley claims that when he was being held at the Allen County Jail in March 2023, his mail was misdelivered to another inmate on one occasion. He does not describe the mail in any detail but alleges that "special rules apply to mail between Plaintiff and [an] attorney and mail Plaintiff sen[t] to non-judicial government bodies or officials." He seeks $500,000 in damages and other relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the

2

envelope that it contains legal mail. *Id.* Other types of mail can be opened outside an inmate's presence without violating his First Amendment rights. *Id.*

Mr. Crowley does not allege that jail staff opened a privileged communication to or from his attorney that was clearly designated as such on the envelope, and it cannot be plausibly inferred from his general allegations that the mail in question was legal mail entitled to heightened protection. Additionally, he describes one incident in which his mail was inadvertently given to another inmate, and a one-time disruption of his mail does not rise to the level of a constitutional violation. *Dobbey v. Uptown People's L. Ctr.*, No. 23-1885, 2023 WL 8106978, at *3 (7th Cir. Nov. 22, 2023) ("a single interference with [an inmate's] mail would be insufficient to state a First Amendment claim"). He asserts in passing that his constitutional right of access to the courts was violated, but he does not identify any prejudice to a potentially meritorious legal claim resulting from the misdelivery of his mail on this one occasion. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

To the extent he is claiming that jail policies were violated in connection with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He may be asserting that his privacy rights were violated when another inmate was given his mail, but "that is not a First Amendment issue." *Dobbey*, 2023 WL 8106978, at

*3. He may have some remedy under state law for a violation of his privacy rights, but without a viable federal claim he cannot pursue this claim in federal court.[2] *Id.*

Additionally, the only defendants named in the complaint are the Sheriff and Jail Commander. There is no factual content from which the court could infer that these high-ranking officials had personal involvement in the misdelivery of his mail, and they cannot be held liable solely because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, the amended complaint does not state a claim for relief. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Crowley was already granted an opportunity to amend his complaint, and the court pointed out many of these deficiencies in the original screening order. However, the amended complaint suffers from many of the same problems as the original. The court finds no basis to conclude that he could assert a federal claim if given another opportunity, consistent with the allegations he has already made under penalty of perjury.

---

[2] The court offers no opinion about the merit of any potential state law claim contained in the amended complaint, and this order does not preclude him from pursuing such a claim in state court.

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion to proceed in forma pauperis (ECF 16);

(2) DISMISSES the case under 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close the case.

SO ORDERED on December 1, 2023.

                                              s/Holly A. Brady
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT